# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VARNADOR SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:12-cv-531-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA and ) | |
|   WINFIELD ONG, ) | |
| ) | |
| Defendants. ) | |

## E N T R Y

### I.

The plaintiff's motion to reconsider is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure,* based on its timing and content of the motion. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International*

*Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

In this case, there was no manifest error of law or fact. The court did not misapprehend the plaintiff's claims, nor did it misapply the law to those claims in finding that dismissal was required, including dismissal of claims against prosecutor Winfield Ong. Accordingly, the motion to reconsider [Dkt. 18], treated as a motion to alter or amend judgment, is **denied.**

## II.

The settled law is that no amended complaint can be filed after the entry of final judgment unless and until that final judgment has been vacated. *See Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated."); *Amendola v. Bayer,* 907 F.2d 760, 765 n.1 (7th Cir. 1990) ("In this circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a).").

On the basis of the foregoing principle, the amended complaint filed on September 13, 2012, is **of no effect.**

**IT IS SO ORDERED.**

Date: 09/19/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Varnador Sutton
Registration Number is 59257-019
USP Atlanta
Satellite Camp
P.O. Box 150160
Atlanta, GA  30315